UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bruce J. Partridge,                                          File No. 23-cv-2353 (ECT/LIB)

     Plaintiff,

v.                                                           **OPINION AND ORDER**

Minnesota Board of Social Work, and
Dawn M. Eckdahl, *Board File No. R.M.
2022198 agent of Dawn M. Murdwski*,

     Defendants.

---

Bruce J. Partridge, *pro se*.

---

    This matter is before the Court on Plaintiff Bruce J. Partridge's *pro se* complaint [ECF No. 1], *in forma pauperis* ("IFP") application [ECF No 4], Motion to Enter Prima Facia Documentation Exhibits A-E [ECF No. 5], and Motion to Appoint Legal Representation [ECF No. 7], pursuant to 28 U.S.C. § 1915A. Upon that review and for the reasons outlined below, Partridge's Complaint is dismissed, and his IFP application and pending motions are denied.

I

    As a threshold matter, I first consider Partridge's IFP Application. Because Partridge is a prisoner, even if he qualifies to proceed IFP, he is not excused from paying the filing fee. *See* 28 U.S.C. § 1915. Instead, 28 U.S.C. § 1915(b) requires that I calculate his initial partial filing fee based on the formula outlined in 28 U.S.C. § 1915(b)(1)(A)–

(B). After paying the initial partial filing fee, Section 1915(b) permits Partridge to pay the remaining balance of the $350.00 filing fee in monthly installments.

Upon review of Partridge's IFP application, I note that according to his Certificate of Authorized Prison Official, the average monthly deposits to Partridge's trust fund account in the six months immediately preceding the filing of this action was $0.00 and the average balance during the same period was -$200.78. IFP App. at p. 6 [ECF No. 4]. Accordingly, Partridge may proceed with this action without paying an initial partial filing fee. But he is cautioned that the entire balance of the $350.00 statutory filing fee will have to be paid in later installments.[1] Officials at the facility where Partridge is confined will be notified of this requirement and will be authorized to withdraw funds from Partridge's facility trust account and remit those funds to the Court, consistent with § 1915(b), regardless of whether he succeeds in this action.

II

Although Partridge may proceed without first paying an initial partial filing fee, his Complaint remains subject to review pursuant to 28 U.S.C. § 1915A to determine if the Complaint—or any portion of it—must be dismissed either for failure to state a claim upon which relief can be granted or because it "seeks monetary relief from a defendant who is immune from suit." *See* 28 U.S.C. § 1915A(b)(1)–(2).

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00. The PLRA, however, applies only to the statutory filing fee. Thus, Partridge will be required to pay the unpaid balance of the $350.00 statutory filing fee—not the $402.00 total fee—in installments pursuant to § 1915(b)(2).

In determining whether a complaint states a claim, I must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* complaints, such as this one, are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims they advance. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Partridge's Complaint is unfocused and difficult to follow. The Complaint includes pages of exhibits, including police reports, ECF No. 1-2 at 20, Partridge's own psychological evaluation dated June 7, 2023, recommending he be found not competent to stand trial on his state criminal charges, *see id.* at 1, and a December 29, 2022, letter from the Minnesota Board of Social Work, *see id.* at 11. At bottom, as I understand it, Partridge claims that Dawn Eckdahl, also known as Dawn Murawski,[2] a licensed social worker and

---

[2]    Partridge refers to Defendant Eckdahl as "Dawn," "Eckdahl," "Murawski," and "Eckdahl-Murawski" at various points throughout his Complaint. *See, e.g.*, Compl. at 7, 10, 11 [ECF No. 1]. The letter from the Minnesota State Board of Social Work refers to the respondent to his complaint as "Dawn Marie Murawski." Compl., Ex. 1B [ECF No. 1-2]. A vulnerable adult maltreatment report to the Minnesota Department of Human Services (DHS) refers to the alleged perpetrator as "Dawn Eckdahl." Compl., Ex. 1C [ECF

Partridge's former foster mother, had an inappropriate sexual relationship with him, a vulnerable adult.  Compl. [ECF No. 1] at 4.[3]  Partridge contends that as a vulnerable adult and having been found not competent, he does not have the capacity to consent to a sexual relationship.  *Id.*  Partridge filed a complaint against Eckdahl with the Minnesota Board of Social Work ("Board") for this behavior, but after an investigation, the Board did not find sufficient facts to sustain any action against Eckdahl's license.  *Id.* at 5; *see also* ECF No. 1-2 at 11.  Partridge questions the quality of the Board's investigation into his complaint and challenges its decision not to take any action against Eckdahl's license.  Compl. at 5–7.  Partridge asserts a federal cause of action under 25 U.S.C. § 1901, *et seq.* ("The Indian Child Welfare Act"), the Multi-Ethnic Placement Act of 1994, 42 U.S.C. § 662, the "Social Work Practice Act," and the Personal Responsibility and Work Opportunity Act.  *Id.* at 3.  None of which provide Partridge with any source of relief.

        The Indian Child Welfare Act establishes "minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture . . . ."  25 U.S.C. § 1902.  Partridge has failed to establish any facts suggesting how his claims, which relate to his one-time foster parent having a purportedly inappropriate sexual relationship with

---

No. 1-2].  In light of all this, I am confident that Dawn Eckdahl and Dawn Murawski are the same person.  Although the case caption spells Murawski as "Murdwski," it appears this is a typo, owing, I suspect, to Partridge's handwriting, which is difficult at times to decipher.  For clarity, I refer to her as "Eckdahl" throughout this order.

[3]     Notably, Partridge refers to Eckdahl as his "mom/spouse" in his IFP Application.  *See* IFP App. at p. 5 [ECF No. 4].

him, implicate the Indian Child Welfare Act, or, more to the point, which provision of this Act provides him with any sort of relief. Similarly, the Multi-Ethnic Placement Act of 1994 prohibits an individual or the government from discriminating based on race, color, or national origin in foster care, child placement, and licensing adoptive parents. *See* 42 U.S.C. § 1996b. There are no allegations that the defendants discriminated against Partridge in the placement of children for foster care or adoption. Indeed, there are no allegations that the defendants had any placement authority. Accordingly, Partridge fails to state a claim as a matter of law under either the Indian Child Welfare Act or the Multi-Ethnic Placement Act of 1994.

Partridge cites 42 U.S.C. § 662 as grounds for relief, *see* Compl. at 3, but that provision was repealed by the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. *See* 42 U.S.C. § 662, *repealed by* The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, Title III, § 362(b)(1), 110 Stat. 2246. Perhaps in recognition of this, Partridge also cites the Personal Responsibility and Work Opportunity Act. Compl. at 3. But it is far from clear which provision of that Act Partridge believes provides him with some form of relief. In any event, the Act addresses eligibility requirements for certain federal benefits. *See, e.g.*, *Slusser v. Astrue*, 557 F.3d 923, 924 (8th Cir. 2009) (section 202 of the Act authorizes the suspension of social security benefits to individuals who are fleeing to avoid prosecution or who are violating a condition of probation). Similarly, to the extent that Partridge also cites Public Law 106-170 (and, again, it is far from clear that he does), this law, known as the "Ticket to Work and Work Incentives Improvement Act," further amended the Social

5

Security Act.  *See* Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. No. 106-170, 113 Stat. 1860 (Dec. 17, 1999).  In the end, however, Partridge fails to establish any facts suggesting how his claims related to these defendants have anything to do with the Social Security Act or any federal benefit.  Accordingly, these claims similarly fail as a matter of law.

Finally, Partridge cites the "Social Work Practice Act."  Compl. at 3.  As I understand it, this is a reference to the Minnesota Board of Social Work Practice Act.  *See* Minn. Stat. § 148E.001 *et seq.*  This Act regulates the practice of social work in the state of Minnesota and outlines the duties and responsibilities of the Minnesota State Board of Social Work.  But I do not have jurisdiction over alleged violations of Minnesota state law.  Although 28 U.S.C. § 1331 establishes federal court jurisdiction over federal-law claims, that provision does not supply original jurisdiction over state-law claims.  Partridge has not alleged that the parties are of diverse citizenship; therefore, 28 U.S.C. § 1332 cannot supply original jurisdiction over the state-law claims.  And Partridge has identified no other federal law that would provide federal court jurisdiction over these claims.  Further, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).  Accordingly, Partridge's state law claims are dismissed for lack of jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To the extent that Partridge alleges some other cause of action, I decline to comb through his pleadings looking for it.  *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create

6

claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.") (internal citations and quotations omitted). Thus, this entire matter is dismissed without prejudice—the federal-law claims for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1) and the state-law claims for lack of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Partridge's IFP application is therefore denied, and the pending motions are denied as moot.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The civil complaint of Plaintiff Bruce J. Partridge [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

2. Plaintiff Bruce J. Partridge's IFP Application [ECF No. 4] is **DENIED**.

3. The pending motions [ECF Nos. 5 & 7] are **DENIED** as moot.

4. Partridge is required to pay the unpaid balance of this action's statutory filing fee—$350.00—in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Partridge is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 15, 2023                    s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court